**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RYAN LUZIER,

                       Plaintiff,

     vs.

LAS VEGAS VALLEY WATER DISTRICT,

                    Defendant.

Case No.: 2:25-cv-01512-GMN-DJA

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 8), filed by Defendant Las Vegas Valley Water District. Plaintiff Ryan Luzier filed a Response, (ECF No. 12), and Defendant filed a Reply, (ECF No. 13).

For the reasons discussed below, the Court GRANTS the Motion to Dismiss, but grants Plaintiff leave to amend three of the four claims.

## I.    <u>BACKGROUND</u>

This case arises from the termination of Plaintiff's employment by Defendant Las Vegas Valley Water District, a political subdivision of the State of Nevada which provides water to Southern Nevada. (Compl. ¶ 2, ECF No. 1-3); (Mot. Dismiss 2:21–22, ECF No. 8). Prior to his termination, Plaintiff was employed by Defendant in the Water Quality and Treatment Division in the position of Electrical Systems Technician II. (Compl. ¶ 5); (Mot. Dismiss 2:23–25). On January 17, 2024, Plaintiff was placed on administrative leave following allegations of workplace misconduct, including allegedly making racist and homophobic comments. (Compl. ¶ 6). Following an internal investigation, Plaintiff received a termination notice dated January 29, 2024, which instructed him to respond or request a meeting within ten working days. (*Id.* ¶¶ 7–8). Plaintiff's termination became final on February 13, 2024. (*Id.* ¶ 8). Plaintiff alleges that

he requested access to his employment records under Nevada Revised Statute ("NRS") 613.075 "following his administrative leave and termination," which Defendants allegedly refused to provide. (*Id.* ¶¶ 30–31). Plaintiff was over the age of forty at the time of termination. (*Id.* ¶ 10).

Plaintiff alleges four claims for relief: (1) wrongful termination in violation of public policy, (2) age discrimination under the Age Discrimination in Employment Act ("ADEA"), (3) violation of procedural due process under 42 U.S.C. § 1983, and (4) violation of NRS 613.075. Defendant now moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).

In March 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting age-based discrimination and "other unlawful employment practices." (*Id.* ¶ 12). However, Plaintiff failed to provide documentation of his EEOC charge. Thereafter, the Court ordered Plaintiff to show cause why his ADEA claim should not be dismissed for lack of subject matter jurisdiction. (Order Show Cause 2:4–6, ECF No. 20). Plaintiff then filed a Response, (ECF No. 21), which explained that he has exhausted his administrative remedies and included as an exhibit documentation of his EEOC charge. (*See* Order Show Cause Resp., ECF No. 21); (EEOC Determination and Notice of Rights, Ex. A to Resp. to Order Show Cause, ECF No. 21-1).

## II.    **LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Defendant moves to dismiss each claim asserted against it. The Court addresses each claim in turn.

### A. Wrongful Termination in Violation of Public Policy

Plaintiff first asserts a claim for wrongful termination (also known as tortious discharge) in violation of public policy under Nevada law. (Compl. ¶ 14). To prevail on a tortious discharge claim, "the employee must be able to establish that the dismissal was based upon the employee's [refusal] to engage in conduct that" violated public policy, or that the employee was dismissed for engaging "in conduct which public policy favors." *Bigelow v. Bullard*, 901 P.2d 630, 632 (Nev. 1995). An action for tortious discharge is "severely limited to those rare and exceptional cases where the employer's conduct violates *strong and compelling* public policy." *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989) (emphasis added). The

Nevada Supreme Court has recognized varying circumstances which constitute a violation of "strong and compelling" public policy, including: (1) when an employee was terminated for refusing to engage in unlawful conduct, *Allum v. Valley Bank of Nevada*, 970 P.2d 1062 (Nev. 1998); (2) when an employee was terminated for refusing to work in unreasonably dangerous conditions, *D'Angelo v. Gardner*, 819 P.2d 206 (Nev. 1991); (3) when an employee was terminated for filing a workers' compensation claim, *Hansen v. Harrah's*, 675 P.2d 394 (Nev. 1984); and (4) when an employee was terminated for exposing the illegal activities of her employer, *Wiltsie v. Baby Grand Corp.*, 774 P.2d 432 (Nev. 1989) (per curiam).

Plaintiff's Complaint fails to plausibly allege the violation of a "strong and compelling public policy" recognized by Nevada law. Here, Plaintiff asserts that his termination constituted "retaliation for protected activity." (Compl. ¶ 14). However, Plaintiff does not explain what "protected activity" he was engaged in. While Plaintiff appears to specify in his Response that he was terminated for attempting to obtain and rebut employee records under NRS 613.075 in violation of the Nevada policy of prohibiting "secret" employment records, (Resp. 3:18–4:5, ECF No. 12), a party cannot amend their pleading through their responsive brief. *See, e.g.*, *Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *4 (W.D. Wash. June 21, 2022), *aff'd*, No. 23-35502, 2024 WL 4707886 (9th Cir. Nov. 7, 2024); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Even if the Court could consider this alleged violation of Nevada public policy, Plaintiff does not establish that it is one of the "rare and exceptional cases" that can support an action for tortious discharge under Nevada law. *Sands Regent*, 777 P.2d at 900. Moreover, Plaintiff admits in his Complaint that he requested his employment records *after* "his administrative leave and termination," foreclosing any argument that he was discharged because of his employment records request. (Compl. ¶ 30).

Accordingly, the Court GRANTS Defendant's Motion to Dismiss this claim. However, because Plaintiff can still cure this defect by pleading a violation of public policy that the Nevada Supreme Court has found to support an action for tortious discharge, if such facts exist, Plaintiff is granted leave to amend this claim.

### B. Age Discrimination Under the ADEA

Plaintiff next asserts a claim for age discrimination under the ADEA, 29 U.S.C. § 621 *et seq.* (Compl. ¶¶ 17–22). The Court first notes that it has subject matter jurisdiction over this claim. In Plaintiff's Response to the Court's Order to Show Cause, he demonstrates that he properly exhausted his administrative remedies before the EEOC and included as an exhibit a letter from the EEOC informing Plaintiff of his right to file a lawsuit. (Resp. Order Show Cause 2:22–3:24); (EEOC Determination and Notice of Rights, Ex. A to Resp. to Order Show Cause). The Court thus turns to Defendant's arguments to dismiss this claim.

"The ADEA prohibits an employer from, among other things, 'discharging' an employee who is over forty years of age 'because of' the employee's age." *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (quoting 29 U.S.C. §§ 623(a)(1), 631(a)). An age discrimination claim can be based on circumstantial evidence or direct evidence. *Id.* ADEA claims based on circumstantial evidence are analyzed under the three-step burden shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). Under *McDonnell Douglas,* the plaintiff "must first establish a prima facie case of age discrimination." *Id.* Once this is established, "the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action." *Id.* If the employer does so, the burden shifts back to plaintiff to "prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination." *Id.*

///

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must allege that: (1) they were at least forty years old; (2) they were performing their job satisfactorily; (3) they were discharged; and (4) the they were either replaced by a substantially younger employee with equal or inferior qualifications or discharged "under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard*, 694 F.3d at 1049.  An inference of age discrimination can be established by "showing the employer had a continuing need for [the employee's] skills and services . . . or by showing that others not in their protected class were treated more favorably." *Diaz*, 521 F.3d at 1207–08 (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).  While a plaintiff is not required to establish a prima facie case of discrimination to survive a motion to dismiss, *see id.* at 1050 n.2 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508–11 (2002)), the Complaint must provide enough factual content to "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Here, Plaintiff's factual allegations fall short of establishing a plausible claim of age discrimination.  While Plaintiff establishes that he was over forty years old and was discharged, he fails to plausibly allege that the discharge was discriminatory.  First, Plaintiff pleads no facts to suggest that he was performing his job satisfactorily.  Second, his allegations regarding others who received more favorable treatment do not plausibly establish an inference of age discrimination. (*See* Compl. ¶¶ 18–22).  While Plaintiff alleges that "[y]ounger employees were treated more favorably under similar circumstances," Plaintiff does not allege that any of the younger employees replaced him, includes no detail regarding their qualifications, and does not allege that those employees performed the same skills and services as Plaintiff. (*Id.* ¶ 20); *cf. Sheppard*, 694 F.3d at 1050 (finding a plausible prima facie case of age discrimination where plaintiff's "five younger comparators" kept their jobs); *Braaten v. Newmont USA Ltd.*, No. 3:15-CV-00174-LRH-WGC, 2015 WL 4723644, at *3 (D. Nev. Aug. 10, 2015) (finding a

plausible prima facie case of age discrimination where plaintiff alleged that he was "replaced by a substantially younger individual with equal or less qualifications than Plaintiff").

Accordingly, the Court GRANTS Defendant's Motion to Dismiss this claim.  However, because it is not clear that amendment would be futile, Plaintiff is granted leave to amend this claim.

### C. Violation of Procedural Due Process Under § 1983

Plaintiff next asserts a claim for violation of procedural due process under § 1983, alleging that Defendant filed to provide adequate notice of his termination, a meaningful hearing, or an impartial decision-maker. (Compl. ¶¶ 24–26).  To prevail on a claim for violation of procedural due process under § 1983, a plaintiff must establish (1) a liberty or property interest protected by the constitution, (2) a deprivation of that interest by the government, and (3) the lack of process. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Tenured public employees with a property interest in continuing employment are "entitled to oral or written notice of the charges against [them], an explanation of the employer's evidence, and an opportunity to present [their] side of the story" prior to termination. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

Defendant argues that Plaintiff's Complaint alleges insufficient facts to plausibly state a violation of procedural due process because it states in conclusory fashion that Plaintiff was denied adequate notice and a meaningful opportunity to respond. (Mot. Dismiss 9:16–24).[1]  In his Response, Plaintiff asserts that his Complaint plausibly states a claim because he was not provided the evidence that formed the basis of the charge against him. (Resp. 5:6–16). However, this allegation does not appear in the Complaint, and again, Plaintiff cannot amend

---

[1] For the first time on Reply, Defendant asserts that Plaintiff's Complaint also fails to plead sufficient facts to establish that Plaintiff had a property interest in his continuing employment. (Reply 6:14–24, ECF No. 13). Generally, a party cannot raise new arguments in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  While the Court declines to consider this argument here, the Court notes that Plaintiff may amend this claim to address the deficiency identified by Defendant.

his pleading through his responsive brief. *See Frenzel*, 76 F. Supp. 3d at 1009.

Here, Plaintiff provides only conclusory statements in his complaint, alleging that Defendant's internal investigation "was procedurally deficient [and] biased" with no supporting factual allegations. (Compl. ¶ 9). Indeed, these assertions are contradicted by the facts which Plaintiff does allege: Defendant provided Plaintiff with a pre-termination notice that gave him ten working days to respond or request a meeting with Defendant. (*Id.* ¶¶ 7–8). Without more, Plaintiff cannot plausibly state a claim for violation of procedural due process. Accordingly, the Court GRANTS Defendant's Motion to Dismiss this claim, but because it is not clear that amendment would be futile, Plaintiff is granted leave to amend this claim.

**D. Violation of NRS 613.075**

Plaintiff's final claim asserts a violation of NRS 613.075, which provides that any employer who maintains wage employees shall be required, upon request, to give any employee a reasonable opportunity to inspect any records kept by the employer containing information used to "determine the qualifications of that employee and any disciplinary action taken against him, including termination from employment." NRS 613.075(1)(a)(1). Plaintiff alleges that he requested access to his employment records following his administrative leave and termination, and Defendant failed to provide Plaintiff with access to those records. (Compl. ¶¶ 30–31).

Defendant argues that Plaintiff's claim fails as a matter of law because there is no private right of action provided for in NRS 613.075. (Mot. Dismiss 11:10–24). In response, Plaintiff contends that "[f]ederal courts in Nevada have recognized" an implied private right of action under NRS 613.075 but cites no such cases. (Resp. 5:21–22). It is "not at all clear under Nevada law" that there is a private right of action to enforce violations of NRS 613.075. *Price v. Allied Universal Prot.*, No. 2:19-cv-00895-GMN-EJY, 2020 WL 13616660, at *2 (D. Nev. Sep. 16, 2020), *report and recommendation adopted*, No. 2:19-cv-00895-GMN-EJY, 2021 WL 9968805 (D. Nev. Apr. 5, 2021). Given the lack of legal support offered by Plaintiff, this Court

declines to imply a private right of action into the statute here.  Accordingly, the Court GRANTS Defendant's Motion to Dismiss this claim with prejudice.

**IV.**     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 8), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for violation of NRS 613.075 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED without prejudice** and with leave to amend: wrongful discharge in violation of public policy, age discrimination under the ADEA, and violation of procedural due process under § 1983.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file an Amended Complaint curing the deficiencies identified in this Order.

**DATED** this __13__ day of March, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court