Dora V. Lane, Esq. (NV Bar No. 8424)
Michael Gebhart, Esq. (NV Bar No. 7718)
Ascent Law, PC
5470 Kietzke Lane, Ste. 300
Reno, NV 89511-2099
Telephone: (775) 671-6171
Dora@ascent-employmentlaw.com
Michael@ascent-employmentlaw.com

Attorney for Defendant
Las Vegas Valley Water District

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RYAN LUZIER,<br><br>        Plaintiff<br><br>v.<br><br>LAS VEGAS VALLEY WATER DISTRICT, DOES I through X; and Roe Corporations I through X, inclusive,<br><br>        Defendant | CASE NO. 2:25-cv-01512-GMN-DJA<br><br>**STIPULATION TO STAY DISCOVERY PENDING SECOND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**(Second Request)** |

Pursuant to Local Rule ("LR") IA 6-1, Plaintiff Ryan Luzier ("Luzier") and Defendant Las Vegas Valley Water District (the "District") (collectively, the "Parties") agree and stipulate as follows:

1.      On August 21, 2025, the District filed a motion to dismiss Luzier's complaint in its entirety. (Dkt. 8). The Parties subsequently stipulated to stay discovery until March 13, 2026 or until the District Court ruled on the District's motion to dismiss. This Court granted the stipulation. (Dkt. 19).

2.      On March 13, 2026, the District Court granted the District's motion to dismiss, allowing Luzier leave to amend his claims for age discrimination, violation of procedural due

1

Ascent Law, PC
5470 Kietzke Lane, Suite 300
Reno, Nevada 89511

process under 42 U.S.C. § 1983, and wrongful termination in violation of public policy. The District Court dismissed Luzier's NRS 613.075 claim with prejudice.

3.    On April 3, 2026, Luzier filed an Amended Complaint. Upon reviewing the Amended Complaint, the District informed Luzier that it intends to file a motion to dismiss the Amended Complaint (the "Second Motion to Dismiss") because the District believes that, among other things: (i) Luzier has not articulated a strong and compelling Nevada public policy to support his wrongful termination claim, (ii) Luzier has not presented sufficient facts to show the District treated similarly situated employees outside of his protected class more favorably or otherwise create a plausible inference of age discrimination, and (iii) Luzier's Section 1983 claim relies on legal conclusions.

4.    While Luzier does not concede the District's assertions, the Parties acknowledge and agree that the commencement of discovery will be costly and ineffective for both Parties, especially while the District's Second Motion to Dismiss is pending. Luzier's Complaint involves several causes of action and includes the District, Teamsters Local Union No. 14, and numerous witnesses. The discovery Luzier will pursue in this case will likely be broad because it will seek to uncover the basis of the anonymous complaint against Luzier, witnesses of Luzier's claimed workplace misconduct, and evidence of the District's investigation and disciplinary action resulting in Luzier's termination. *See Free Speech Found., Inc. v. Phila. Indem. Ins. Co.*, No. 2:23-cv-01407-MMD-BNW, 2023 WL 11802591, at *3 (D. Nev. Dec. 22, 2023) (finding discovery burdensome where the complaint involved, amongst other things, several causes of action, included several individuals, and sought to uncover why the defendant made certain decisions, what investigation it conducted to arrive at such decisions, and why it refused to change its course in light of the information being provided).

5.    If the District Court grants the District's Second Motion to Dismiss and the issues in dispute become narrower, discovery will also likely be more focused, efficient, and streamlined, which will save time and money. As one example, if the District Court dismisses Luzier's age discrimination claim, the Parties' discovery will be geared towards the process the District afforded

Luzier in connection with his termination and not necessarily the circumstances surrounding the terminations of other alleged comparators.

6.    Accordingly, the Parties have agreed to stay discovery until the District Court rules on the District's Second Motion to Dismiss (which will be filed on or before April 17, 2026).

Date: April 15, 2026                              Respectfully submitted,


/s/ Dora Lane                                       /s/Erik Fitting
Dora Lane, Esq.                                  Erik Fitting, Esq.
Ascent Law, PC                                  Erik Fitting & Associates, LTD.
5470 Kietzke Lane, Ste. 300               2450 St. Rose Parkway, Suite 110
Reno, NV 89511-2099                       Henderson, Nevada 89074
Telephone: (775) 671-6171                Telephone: (702) 312-6965
Email: Dora@ascent-employmentlaw.com      Email: efitting@msn.com


Attorney for Defendant                       Attorney for Plaintiff
Las Vegas Valley Water District           Ryan Luzier


IT IS THEREFORE ORDERED that the Court finds good cause to GRANT the parties' stipulation (ECF No. 26).  *See Schrader v. Wynn*, 2021 WL 4810324 (D. Nev. Oct. 14, 2021).

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: April 16, 2026

**CERTIFICATE OF SERVICE**

I, Dora Lane, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by Ascent Law, P.C. My business address is 5470 Kietzke Lane, Ste. 300, Reno, NV 89511-2099. I am over the age of 18 years and not a party to this action.

On April 15, 2026, I served the foregoing **SECOND STIPULATION TO STAY DISCOVERY PENDING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** by causing the above-named document to be served via electronic service through the Court's CM ECF electronic filing system, addressed as follows:

Erik Fitting, Esq.
2450 St Rose Pkwy, Ste 110
Henderson, NV 89074
efitting@msn.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on April 15, 2026.

/s/Dora Lane
Dora Lane

Ascent Law, PC
5470 Kietzke Lane, Suite 300
Reno, Nevada 89511